**No. 26-1608**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

AARON GREENSPAN,

*Plaintiff-Appellant,*

v.

ELON MUSK, TESLA, INC., THE ELON MUSK REVOCABLE TRUST
DATED JULY 22, 2003, EXCESSION, LLC, JARED BIRCHALL, SINGER
CASHMAN, LLP, ADAM S. CASHMAN, ALLISON HUEBERT, ADAM G.
MEHES, ALEX SPIRO, OMAR QAZI, and SMICK ENTERPRISES, INC.,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
Civil Case No. 3:24-cv-04647-MMC
Hon. Maxine Chesney

---

**APPELLANT'S OPENING BRIEF**

---

Aaron Greenspan, *pro se*
440 N. Barranca Avenue #6720
Covina, CA 91723
+1 415 670 9350
aaron.greenspan@plainsite.org

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Ninth Circuit Rule 26.1, Plaintiff-Appellant makes the following disclosures:

Plaintiff-Appellant Aaron Greenspan is a natural person. As such, a corporate disclosure statement is not required. FED. R. APP. P. 26.1(a).

i

**TABLE OF CONTENTS**

CORPORATE DISCLOSURE STATEMENT ...........................................................i

TABLE OF CONTENTS ...................................................................... ii

INTRODUCTION ..............................................................................1

JURISDICTION ..............................................................................2

STATEMENT OF THE ISSUES ..................................................................6

STATEMENT OF THE CASE ....................................................................7

I.      Proceedings In District Court......................................................7

II.     The Costs Dispute .................................................................8

SUMMARY OF THE ARGUMENT .................................................................10

ARGUMENT ................................................................................12

I.      The Statute Controlling Removal of The Initial Complaint and Associated
        Costs Is 28 U.S.C. § 1447(c), Not 28 U.S.C. § 1367(c)(3) .........................12

        A.      Standard of Review........................................................12

        B.      The Costs at Issue Arose From the Removal of the Initial Complaint,
                Not the Remand of the First Amended Complaint ............................13

        C.      Every Circuit to Address the Question Holds That Jurisdiction Must
                Be Evaluated at the Time of Removal ......................................16

        D.      The Lower Court Applied the Wrong Temporal Framework .............18

        E.      The Counterargument That The First Amended Complaint's Federal
                Claims Justified The Costs Award Fails Under Binding Precedent ...19

        F.      The Lower Court's January 2, 2026 Order Independently Warrants
                Reversal for Lack of Any Reasoning.......................................20

II.     In The Alternative, Even If Federal Rule of Civil Procedure 54(d)(1)
        Controls, The Lower Court Abused Its Discretion Under *Escriba* ...............21

        A.      Standard of Review........................................................21

        B.      The *Escriba* Factors ...................................................22

                1.      Substantial Public Importance ...................................22

2.     Closeness and Difficulty of the Issues in the Case ...................24

3.     Chilling Effect on Future Similar Actions ..............................25

4.     Plaintiff's Limited Financial Resources ..................................25

5.     Economic Disparity Between The Parties ...............................26

CONCLUSION ...............................................................................................26

STATEMENT OF RELATED CASES ...............................................................28

ADDENDUM................................................................................................ A-1

iii

# TABLE OF AUTHORITIES

## Cases

*American Federation Of Government Employees, AFL-CIO et al v. United States Office of Personnel Management et al*,
Case No. 3:25-cv-01780-WHA, ECF No. 120 (N.D. Cal. March 13, 2025) .....23

*American Ironworks & Erectors, v. North American Const. Corp.*,
248 F.3d 892, 898-899 (9th Cir. 2001) .................................................................3

*Ass'n of Mexican-American Educators v. State of Cal.*,
231 F.3d 572, 599 (9th Cir. 2000) (en banc).......................................................21

*Burnside v. Kiewit Pacific Corp.*,
491 F.3d 1053, 1058 (9th Cir. 2007)...................................................................12

*Carlsbad Technology, Inc. v. HIF Bio, Inc.*,
556 U.S. 635, 638 (2009) ............................................................................17, 18

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384, 395 (1990) .....................................................................................2

*DaWalt v. Purdue Pharma, LP*,
397 F.3d 392, 402 (6th Cir. 2005).........................................................17, 18, 20

*Does 1-26 v. Musk, et al*,
Case No. 8:25-cv-00462-TDC at 68 (D. Maryland March 18, 2025)................23

*Escriba v. Foster Poultry Farms, Inc.*,
743 F.3d 1236 (9th Cir. 2014)........................................................7, 22, 25, 26

*HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*,
600 F.3d 1347, 1352 (Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) ...................................................................................................................13

*Kelly v. Fleetwood Enters., Inc.*,
377 F.3d 1034, 1037 (9th Cir.2004)....................................................................12

*LoSacco v. City of Middletown*,
71 F.3d 88, 91 (2d Cir. 1995)...............................................................................2

*McCown v. City of Fontana*,
565 F.3d 1097, 1102 (9th Cir. 2009)...................................................................21

*Poore v. American-Amicable Life Ins. Co. of Texas*,
218 F.3d 1287, 1290 (11th Cir. 2000)......................................................16, 17, 18, 20

iv

*Reddam v. KPMG LLP*,
    457 F.3d 1054, 1058-59 (9th Cir. 2006) ......................................................passim

*Renteria-Hinojosa v. Sunsweet Growers, Inc.*,
    150 F.4th 1076, 1088 (9th Cir. 2025).................................................................13

*Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*,
    374 F.3d 857, 863 (9th Cir. 2004).......................................................................4

**Statutes**

28 U.S.C. § 1291 ......................................................................................................2

28 U.S.C. § 1367(a).................................................................................1, 11, 14, 18

28 U.S.C. § 1367(c)(3) ...................................................................................passim

28 U.S.C. § 1447(c).........................................................................................passim

**Rules**

Federal Rule of Appellate Procedure 4(a)(1)(A).....................................................3

Federal Rule of Appellate Procedure 4(a)(4)(A)..................................................3, 4

Federal Rule of Appellate Procedure 4(a)(5) .......................................................2, 5

Federal Rule of Civil Procedure 1 ...........................................................................6

Federal Rule of Civil Procedure 54(d)(1)........................................................passim

Federal Rule of Civil Procedure 59(e) ..................................................................3, 4

Federal Rule of Civil Procedure 60(b) ..................................................................3, 5

Federal Rule of Civil Procedure 60(b)(1)..............................................................3, 4

Northern District of California Civil Local Rule 7-9(a)...........................................5

v

**INTRODUCTION**

This appeal presents a narrow but important question of statutory interpretation: may a federal court assess removal costs against a plaintiff when the removing defendant lacked original subject matter jurisdiction at the time of removal?  The answer, compelled by the key prerequisite clause within 28 U.S.C. § 1367(a)—"in any civil action of which the district courts have original jurisdiction"—the separate text of 28 U.S.C. § 1447(c), and the unanimous view of every circuit court to have interpreted these statutes to address the question, is no.

Defendant-Appellee Tesla, Inc. removed Plaintiff-Appellant Aaron Greenspan's state-court complaint to federal court in July 2024, paying a $405.00 filing fee to do so.  ER-114.  The district court subsequently found that it lacked original subject matter jurisdiction over that complaint, confirming that the removal was improper.  ER-123—125.  Despite this, the district court assessed those removal costs against Plaintiff.  ER-068.  It did so by applying the wrong statute: instead of analyzing costs under 28 U.S.C. § 1447(c), which governs removal and explicitly addresses cost-shifting against *defendants*, the court applied 28 U.S.C. § 1367(c)(3), a supplemental jurisdiction provision that addresses the remand of claims added *after* removal.  ER-024.  The lower court's analysis examined the procedural state of the case at the time of remand rather than the time

1

of removal, a methodology that every circuit has held is legally impermissible. *Id*. ER-015.

This Court should reverse.

## JURISDICTION

This Court has jurisdiction over final orders of district courts pursuant to 28 U.S.C. § 1291. The district court's orders of December 19, 2025 (ECF No. 183, ER-035—039), December 29, 2025 (ECF No. 185, ER-023—024), and January 2, 2026 (ECF No. 187, ER-012) resolved all issues relating to costs and constitute a final, appealable disposition of a discrete post-judgment matter. The lower court's orders exclusively regarding costs were issued by a United States District Judge and are therefore immediately appealable. *LoSacco v. City of Middletown*, 71 F.3d 88, 91 (2d Cir. 1995). Furthermore, like attorney's fees and sanctions, post-judgment costs represent a collateral issue that is independent of the main substance of an underlying case. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990).

Plaintiff-Appellant timely filed a Notice of Appeal on March 13, 2026, within the fourteen-day extension of time granted by the district court on March 3, 2026 pursuant to Federal Rule of Appellate Procedure 4(a)(5). ER-144—149. The

notice of appeal was therefore timely under Federal Rule of Appellate Procedure 4(a)(1)(A) for two independent reasons.

First, Federal Rule of Appellate Procedure 4(a)(4)(A) provides that the time to file a notice of appeal is tolled if a party files, within the time allowed by the rules, any of several enumerated post-judgment motions, including a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). When such a motion is filed, the time to appeal runs from the entry of the order disposing of the motion. Federal Rule of Appellate Procedure 4(a)(4)(A).

Courts look to the substance of a post-judgment motion, not its label, to determine whether it tolls the appeal deadline. *See American Ironworks & Erectors, v. North American Const. Corp.*, 248 F.3d 892, 898-899 (9th Cir. 2001) (holding that a motion seeking reconsideration should be considered under Federal Rule of Civil Procedure 60(b) if filed more than ten days after the entry of judgment). A motion that argues the district court committed legal error in the challenged order—as opposed to raising new facts—is properly treated as a Rule 60(b)(1) motion. *Id*.

Plaintiff's "administrative motions for leave to file" motions for reconsideration, ECF Nos. 184 and 186, argued that the district court committed legal error by applying the wrong statute and the wrong temporal framework. ER-

3

025—034, ER-013—022.  ECF No. 184 argued that 28 U.S.C. § 1447(c)—not Federal Rule of Civil Procedure 54(d)(1)—was the controlling provision.  ER-026. ECF No. 186 argued that the district court's December 29 order applied the wrong temporal framework by examining the procedural state of the case at the time of remand rather than the time of removal.  ER-015.  Both motions addressed the substance of the issue and challenged legal error in the underlying orders— precisely the grounds for a Rule 60(b)(1) or a Rule 59(e) motion.

Moreover, and critically, the district court treated both motions as substantive motions for reconsideration and addressed them on the merits. Plaintiff's motion at ECF No. 185 engaged substantively with the 28 U.S.C. § 1447(c) argument, offering a legal rationale for why 28 U.S.C. § 1367(c)(3) controlled.  ER-024.  The district court's order at ECF No. 187, while conclusory, addressed the merits of Plaintiff's reconsideration request by finding that the cited cases did not address "similar procedural circumstances."  ER-012.  Neither order denied "leave" to file—both orders denied each "motion" for reconsideration on the merits.  This substantive treatment confirms that the administrative motions functioned as tolling motions under Federal Rule of Appellate Procedure 4(a)(4)(A) regardless of their procedural label.  *See Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 863 (9th Cir. 2004) ("a timely filed motion for reconsideration under a local rule is construed as a motion

to alter or amend a judgment under Rule 59(e)"). Plaintiff filed "administrative motions" under the Civil Local Rules of the Northern District of California because he reasonably believed that he might be required to. ER-014.

Plaintiff's last tolling motion, ECF No. 186, was disposed of by the January 2, 2026 order, ECF No. 187. The 30-day deadline to appeal therefore ran from January 2, 2026, expiring on February 1, 2026. The district court's March 3, 2026 order granted a 14-day extension under Federal Rule of Appellate Procedure 4(a)(5) based on a medical emergency. ER-001. Plaintiff filed his Notice of Appeal on March 13, 2026, within that extension's window. The appeal is timely.

Northern District of California Civil Local Rule 7-9(a) requires a party to obtain leave of court before filing a motion for reconsideration "before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties." Civil Local Rule 7-9(a). The rule's text is ambiguous as to whether this leave requirement applies after judgment—specifically, it is unclear whether the final sentence prohibiting a party from noticing a motion for reconsideration without first obtaining leave applies in the post-judgment context. Faced with this ambiguity, Plaintiff filed "administrative motions for leave" out of an abundance of caution, expressly noting the ambiguity and preserving the alternative of filing directly under Rule 60(b). (*See* ECF No. 184 at n.1.) ER-014. The district court resolved the ambiguity by treating both motions substantively, addressing the

merits of reconsideration without ruling on whether leave was required. This conduct confirms that the district court understood the motions as substantive reconsideration requests and treated them accordingly.[1]

## STATEMENT OF THE ISSUES

1.  Whether 28 U.S.C. § 1447(c) or 28 U.S.C. § 1367(c)(3) controls the award of removal costs when the removing defendant lacked original subject matter jurisdiction *at the time of removal*, and whether the district court erred by applying the latter.

2.  Whether the district court's obligation under the unanimous circuit consensus to evaluate jurisdiction at the time of removal—not at the time of remand—regardless of subsequent amendment required denial of Tesla's costs request.

3.  Whether the First Amended Complaint ("FAC")'s post-removal federal claims can retroactively justify an award of costs arising from the improper

---

[1] A contrary rule would create a trap for litigants who, facing genuine ambiguity in local rules, err on the side of procedural caution. Courts generally do not penalize parties for reasonable procedural compliance. To hold that Plaintiff's appeal is untimely because he sought leave before filing a reconsideration motion, when the district court addressed the merits regardless, would elevate form over substance in a manner inconsistent with the Federal Rules' general policy of deciding cases on their merits. *See* Federal Rule of Civil Procedure 1 (rules should be construed to secure the just, speedy, and inexpensive determination of every action).

6

removal of the initial Complaint's state law claims, when the initial Complaint did not contain any federal claims.

4. Whether, in the alternative, the district court abused its discretion under Federal Rule of Civil Procedure 54(d)(1) by failing to consider the factors identified in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014), which weigh heavily against the costs award here.

## STATEMENT OF THE CASE

### I.     Proceedings In District Court

On June 12, 2024, Plaintiff filed a Complaint asserting state law claims in the Superior Court of California for the County of San Francisco. The Complaint raised no federal claims.

On July 31, 2024, Defendant-Appellees Tesla, Inc., Excession, LLC, and Allison Huebert (the "Removing Defendants") removed the action to the United States District Court for the Northern District of California. ER-152—153. To facilitate removal, Tesla paid a $405.00 filing fee to the Clerk of Court. ER-114. The Removing Defendants contended that Plaintiff's state law claims invoked federal questions sufficient to establish subject matter jurisdiction. ER-136—137.

On August 28, 2024, Plaintiff filed a FAC that added federal claims. ER-157. Most other defendants had filed combined anti-SLAPP motions and motions

7

to dismiss, which the district court denied as moot following the FAC. *Id*. Most other defendants then refiled their motions as to the FAC. ER-159—160.

On July 17, 2025, the district court dismissed Plaintiff's federal claims and remanded the remaining state law claims to state court pursuant to 28 U.S.C. § 1367(c)(3) without explicitly addressing costs at all. ER-115—131. In doing so, the court found that the state law claims did not raise federal questions—confirming that the district court had lacked original subject matter jurisdiction over the initial Complaint at the time of removal. The court also denied Defendants' requests for mandatory fee-shifting under the anti-SLAPP statute. *Id*.

## II. The Costs Dispute

Days after the remand order, Tesla filed a Bill of Costs at ECF No. 160 seeking its $405.00 removal filing fee. ER-107—110. Tesla's Bill of Costs was supported by a declaration of Attorney Anthony P. Alden, signed under penalty of perjury, asserting that the costs were "allowable by law," though which "law" was left unspecified. ER-111—114. Plaintiff timely objected, ultimately arguing that 28 U.S.C. § 1447(c) governed the costs analysis and precluded any award given the lack of original jurisdiction at the time of removal. ER-102—106.

On November 6, 2025, the Clerk of Court awarded Tesla $405.00 in removal costs without written explanation. ER-068—071. Plaintiff timely moved for

8

district court review pursuant to Federal Rule of Civil Procedure 54(d)(1).  ER-053—067.

On December 19, 2025, the district court denied Plaintiff's motion.  ER-035—039.  The district court reasoned that Tesla was the "prevailing party" for Federal Rule of Civil Procedure 54(d)(1) purposes because Plaintiff's federal claims from the FAC had been dismissed.  ER-038.  At this time, the district court did not yet consider that Rule 54(d)(1) delegated control to another statute, rendering the "prevailing party" doctrine moot.  *Id*.

Plaintiff filed two administrative but substantive motions for leave to file motions for reconsideration, ECF Nos. 184 and 186, arguing that the controlling statute was and is 28 U.S.C. § 1447(c) and that the temporal framework used to analyze removal costs must be centered around the time of removal, not the time of remand.  ER-025—034, ER-013—022.  The district court denied both motions.  ER-023—024, ER-012.  The second denial contained no citation to authority and no substantive analysis, stating only that Plaintiff's cited cases did not address "similar procedural circumstances."  ER-012.

Plaintiff timely noticed this appeal.  ER-001, ER-144—149.

9

## SUMMARY OF THE ARGUMENT

The $405.00 at issue is the fee Tesla paid to remove the initial Complaint from state court. That document contained only state law claims. The district court ultimately confirmed it lacked original subject matter jurisdiction over those claims, meaning the removal was improper.

Section 1447(c) of Title 28 governs costs arising from removal. Under the unanimous view of every circuit to have addressed the issue, the relevant inquiry under § 1447(c) is whether the court had jurisdiction at the time of removal—not at the time of remand, and not based on post-removal amendments to the complaint.

The district court committed legal error by applying 28 U.S.C. § 1367(c)(3) instead of § 1447(c). Section 1367(c)(3) permits a court to decline supplemental jurisdiction over state law claims once federal claims are dismissed. It has no bearing on removal costs. The $405.00 fee was paid to remove the initial Complaint—a document governed entirely by § 1447(c)—not to invoke supplemental jurisdiction over claims added months later in a different pleading.

Tesla will likely argue that because Plaintiff's FAC added federal claims, and those federal claims were ultimately dismissed, Tesla is the "prevailing party" entitled to costs under Rule 54(d)(1). This argument fails for a straightforward reason: the costs at issue were incurred on July 31, 2024 to remove the initial Complaint and the FAC did not exist on that date. Post-removal amendments

10

cannot retroactively transform an improper removal into a proper one. Every circuit to have addressed this question, including the Ninth Circuit in *Reddam v. KPMG LLP*, holds that post-removal events are legally irrelevant to costs analysis focused on removal. As explained above, 28 U.S.C. § 1367(c)(3) could not and did not attach until after the FAC was filed on August 28, 2024, twenty-eight days after the costs at issue were incurred. Tesla cannot invoke a jurisdictional statute that was not yet operative to justify costs that predate it. Furthermore, the Rule 54(d)(1) "prevailing party" framework is improper because Rule 54(d)(1) delegates control where "a federal statute, these rules, or a court order provides otherwise." 28 U.S.C. § 1447(c) provides otherwise. Moreover, 28 U.S.C. § 1367(c)(3) requires original jurisdiction as a predicate under § 1367(a). Because the district court lacked original jurisdiction over the initial Complaint on July 31, 2024, § 1367(c)(3) was not operative on the date Tesla's removal costs were incurred and cannot govern their allocation.

By evaluating Tesla's cost entitlement based on the procedural status of the FAC at the time of remand, the district court ignored binding circuit precedent holding that "later occurring events" cannot be "the basis for the decision" on removal-related costs. *Reddam v. KPMG LLP*, 457 F.3d 1054, 1058-59 (9th Cir. 2006). If the lower court was looking for an *identical* procedural stance in

11

precedent, it likely could not find one because Congress has never intended for plaintiffs to pay for defendants' improper removals.  Reversal is required.

In the alternative, even if Rule 54(d)(1) somehow provides the applicable framework despite the presence of an overlapping federal statute, the district court abused its discretion by failing to weigh the factors identified in *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236 (9th Cir. 2014), all of which weigh against the costs award.

## **ARGUMENT**

**I.      The Statute Controlling Removal of The Initial Complaint and Associated Costs Is 28 U.S.C. § 1447(c), Not 28 U.S.C. § 1367(c)(3)**

### **A.      Standard of Review**

This appeal involves a pure question of law regarding statutory interpretation: whether 28 U.S.C. § 1447(c) permits a costs award against a plaintiff when the removing defendant lacked original jurisdiction at the time of removal.  Accordingly, the district court's decision should be reviewed *de novo*. "'We review de novo the district court's determination that it lacked subject matter jurisdiction' over the action.  *Kelly v. Fleetwood Enters., Inc.,* 377 F.3d 1034, 1037 (9th Cir.2004)."  *Reddam v. KPMG LLP*, 457 F.3d 1054, 1058 (9th Cir. 2006). "Preemption is a question of law that we review de novo.  *Burnside*, 491 F.3d at 1058; *see also HIF Bio, Inc. v. Yung Shin Pharms. Indus. Co.*, 600 F.3d 1347, 1352

(Fed. Cir. 2010), *as amended on reh'g in part* (June 14, 2010) (explaining that although the court reviews 'for abuse of discretion the district court's decision not to exercise supplemental jurisdiction,' it reviews 'question[s] of law' in a remand order 'without deference')." *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1088 (9th Cir. 2025).

### B.     The Costs at Issue Arose From the Removal of the Initial Complaint, Not the Remand of the First Amended Complaint

The following facts are uncontested.  On July 31, 2024, Tesla paid $405.00 to remove Plaintiff's initial Complaint—a document asserting only state law claims—to federal court. ER-114.  The costs Tesla now seeks are for that specific removal. ER-112.  In its first substantive ruling on any operative complaint, the district court subsequently found that it lacked original subject matter jurisdiction over those state law claims as re-pled in the FAC, which means that the district court also lacked original subject matter jurisdiction when they were first pled as part of the initial Complaint. ER-123—125.  There was no other removal in this case and Tesla seeks no other costs. ER-107.

The district court nonetheless evaluated Tesla's *removal* cost entitlement based on the *remand* of the FAC under 28 U.S.C. § 1367(c)(3)—a statute that governs supplemental jurisdiction over claims added after removal, not costs arising from the removal itself. ER-024.  This was legal error.

13

28 U.S.C. § 1447(c) is the provision that speaks directly to removal costs. It provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The costs Tesla incurred were "a result of the removal"—they were the removal filing fee. Section 1367(c)(3), by contrast, addresses only the discretionary remand of claims over which a court has supplemental jurisdiction once federal claims are dismissed. It says nothing about removal costs, or costs at all.

The district court conflated two analytically distinct events: (1) the July 31, 2024 removal of the initial Complaint, and (2) the July 17, 2025 remand of the FAC's state law claims under § 1367(c)(3). Only the first event is relevant to the costs at issue. The FAC was never removed; it was filed in federal court after removal had already occurred. The $405.00 removal fee cannot logically be governed by a statute that applies to claims that were never removed.

The counterargument that remand occurred under § 1367(c)(3) rather than § 1447(c), and that this distinction controls the costs analysis, fails at the threshold for a simple textual reason. 28 U.S.C. § 1367(a), which creates supplemental jurisdiction, provides that federal courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action *within such original jurisdiction*." 28 U.S.C. § 1367(a) (emphasis added). Supplemental jurisdiction

14

under § 1367 is therefore entirely derivative of original jurisdiction; it cannot exist independently. Where a federal court lacks original jurisdiction, § 1367 does not attach, and none of its subsections, including § 1367(c)(3), are operative. And even if it can be argued that amendment potentially cures a lack of jurisdiction *for the purposes of the amended pleading*, this does not retroactively "fix" prior removed pleadings, let alone suggest that a plaintiff should ever have to pay for the cost of a defendant's improper removal.

The district court adjudicated that on July 31, 2024, when Tesla paid $405.00 to remove the initial Complaint, the district court had no original jurisdiction over Plaintiff's state law claims, because those same claims existed in both pleadings: the initial Complaint and the First Amended Complaint. ER-123—125. Because § 1367(c)(3) requires original jurisdiction as a statutory predicate, and because no such jurisdiction existed on July 31, 2024, § 1367(c)(3) was inapplicable at the moment the removal costs were incurred. A statute that was inoperative at the time costs arose cannot govern the allocation of those costs.

The district court's subsequent acquisition of supplemental jurisdiction over a different pleading's state law claims, made possible only by Plaintiff's post-removal addition of federal claims in the FAC, does not alter this analysis. Those events occurred twenty-eight days after removal and are legally irrelevant under the unanimous circuit rule that post-removal events cannot serve as the basis for

15

evaluating removal costs. *Reddam*, 457 F.3d at 1058-59. Put plainly: § 1367 did not exist as an operative statute in this case on the date the $405.00 was paid. It cannot retroactively govern costs that predate its applicability, even if it does arguably govern remand of claims in an amended version of a complaint.

**C.     Every Circuit to Address the Question Holds That Jurisdiction Must Be Evaluated at the Time of Removal**

"[E]very Circuit that has addressed this issue has held that the proper inquiry is still whether the court had jurisdiction at the time of removal." *Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290 (11th Cir. 2000). *Poore* is cited in *Reddam*, *supra*, and its reasoning was thus adopted by this Circuit. ER-015. "[T]he district court exceeded its authority under § 1447(c) by relying upon a post-removal amendment to the complaint to determine the amount in controversy." *Id.* at 1291. Just as relying on a post-removal amendment is not appropriate to determine the *initial* amount in controversy, relying on a post-removal amendment is not appropriate to determine liability for costs inextricably linked to an *initial* removed complaint.

The lower court ignored this established and well-reasoned consensus, deciding instead—without citation to any overriding precedent—that at the time of remand, Defendant Tesla was the "prevailing party" under Federal Rule of Civil Procedure 54(d)(1). The lower court made this determination by misreading the

16

Rule *before* Plaintiff pointed out that Rule 54(d)(1) delegates control to other statutes, and then refused to revise its analysis.

The Sixth Circuit is in accord with *Reddam* and *Poore*: "Simply put, briefings and repleadings do not, on their own, turn remands for lack of subject matter jurisdiction into remands of pendent state-law claims." *DaWalt v. Purdue Pharma, LP*, 397 F.3d 392, 402 (6th Cir. 2005), cited in *Reddam, supra*. *DaWalt* further notes that a district court is "requir[ed]" to remand "any case that 'was removed improvidently and without jurisdiction'" pursuant to 28 U.S.C. § 1447(c) (quoting the statute). And the Supreme Court has confirmed the same principle: when evaluating a remand, a court must look to the procedural posture "when this case was removed." *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009).

The district court's analysis violated each of these authorities and provided none as an alternative. Nor did the district court substitute reasoning of its own. Rather than asking whether it had jurisdiction on July 31, 2024—when the initial Complaint was removed—it asked whether Tesla was the "prevailing party" based on the disposition of the FAC's federal claims in July 2025, nearly a year later,

17

under a misreading of a Rule 54(d)(1) that ignored its delegation clause.[2]  ER-024.  That temporal inversion is precisely what *Reddam*, *Poore*, *DaWalt*, and *Carlsbad Technology* forbid.

### D.     The Lower Court Applied the Wrong Temporal Framework

The district court's December 29, 2025 Order stated that it had subject matter jurisdiction over "plaintiff's First Amended Complaint ('FAC'), the operative pleading at the time said Order was filed."  ER-014 at 10-11.  This framing reveals the error.  The proper question is not what the operative pleading was when the remand order was entered.  The proper question is what pleading was operative when the case was removed.  *Carlsbad Technology*, *supra*, at 638.  At that time—on July 31, 2024—the only operative pleading was the initial Complaint, which contained no federal claims and over which the district court lacked original jurisdiction pursuant to its own ruling.

Plaintiff's post-removal filing of the FAC, which added federal claims, cannot retroactively transform an improper removal into a proper one, and it

---

[2] The district court accurately quoted 28 U.S.C. § 1447(c) as involving remand when the "the district court lacks subject matter jurisdiction," but incorrectly noted that its prior "order remanding Greenspan's state law claims was not premised on either of those two circumstances."  ER-024.  In fact, that prior order stated repeatedly that Plaintiff's state law claims did not "raise a federal question to support federal subject matter jurisdiction."  ER-123—125.  Although the district court characterized its remand as being based on declination of supplemental jurisdiction, the district court never had that option regarding the initial Complaint because it never had jurisdiction over it at all.  28 U.S.C. § 1367(a).

18

cannot convert Tesla's removal fee into a cost properly assessed against Plaintiff. To hold otherwise would allow removing defendants to bootstrap improper removals into cost-shifting entitlements whenever plaintiffs subsequently amend their complaints to add federal claims—a result Congress plainly did not intend in enacting § 1447(c).

**E.     The Counterargument That The First Amended Complaint's Federal Claims Justified The Costs Award Fails Under Binding Precedent**

Tesla is expected to argue that because Plaintiff's FAC added federal claims, and those federal claims were ultimately dismissed, Tesla qualifies as a "prevailing party" under Rule 54(d)(1) entitled to its costs.  ER-099.  This argument cannot be squared with binding authority.

The removal fee Tesla seeks was paid on July 31, 2024, the date of removal. ER-114.  All parties agree that the FAC did not exist on that date—it was filed twenty-eight days later, on August 28, 2024.  ER-157.  The removal fee is a cost "incurred as a result of the removal" of the initial Complaint, not a cost incurred as a result of any subsequent pleading.  28 U.S.C. § 1447(c).

The Ninth Circuit in *Reddam* held expressly that post-removal events— including subsequent pleadings—cannot serve as the basis for evaluating removal-related costs.  457 F.3d at 1058-59.  "[T]he later occurring events were the basis for the decision.  That cannot be a basis for a § 1447(c) remand order."  *Id.* at

19

1059. *Poore* held that reliance on "a post-removal amendment to the complaint" to determine the amount in controversy exceeds a district court's authority under § 1447(c). 218 F.3d at 1291. There is no reason to think, and no reason articulated anywhere in the record by any party or the district court, that similar reliance on a "post-removal amendment" to determine costs stemming from a prior pleading would not also be similarly prohibited. *Id.* at 1290. *DaWalt* held that "briefings and repleadings do not, on their own, turn remands for lack of subject matter jurisdiction into remands of pendent state-law claims." 397 F.3d at 402. Neither Tesla nor the lower court itself cited any case anywhere to contest these rulings or offer alternatives.

Plaintiff further anticipates that Tesla may ask this Court to hold that the FAC—filed after removal, itself never removed, and adding federal claims that the district court ultimately dismissed—can retroactively cure the jurisdictional defect that existed on July 31, 2024. No circuit has so held. To the contrary, every circuit to address the question has held the opposite. ER-015. The FAC is legally irrelevant to the costs analysis.

### F. The Lower Court's January 2, 2026 Order Independently Warrants Reversal for Lack of Any Reasoning

The district court's January 2, 2026 Order denying Plaintiff's second motion for reconsideration contained no citations to authority and no substantive analysis. ER-012. It stated only that Plaintiff "fails to set forth any cognizable basis for

reconsideration, as none of the cases cited therein address procedural circumstances similar to those presented by the instant case." *Id*.

This conclusory dismissal of directly on-point circuit precedent is legally insufficient. A district court must provide reasoning sufficient to permit meaningful appellate review. "In order to ensure the availability of meaningful review, a district court's disposition of a motion for attorney's fees must 'provide a concise but clear explanation of its reasons for the fee award' and 'make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.' *Id*. at 437, 103 S.Ct. 1933." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). An order that dismisses Ninth Circuit and Supreme Court precedent without explaining how the circumstances differ does not meet this standard and independently warrants reversal.

## II.  In The Alternative, Even If Federal Rule of Civil Procedure 54(d)(1) Controls, The Lower Court Abused Its Discretion Under *Escriba*

### A.  Standard of Review

Where Rule 54(d)(1) governs independent of any other statute—which for the reasons described above is not the case here—a district court's decision to award or deny costs is reviewed for abuse of discretion. *Ass'n of Mexican-American Educators v. State of Cal.*, 231 F.3d 572, 599 (9th Cir. 2000) (en banc). However, the question of law constituting the predicate for that decision— including which statute applies and what temporal framework governs—remains

21

subject to de novo review "without deference." *Renteria-Hinojosa*, 150 F.4th at 1088. The district court's failure to apply the *Escriba* factors properly under its original Rule 54(d)(1) analysis constitutes an abuse of discretion. *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014).

Even if this Court were to conclude that Federal Rule of Civil Procedure 54(d)(1) provides the governing framework rather than § 1447(c), the lower court abused its discretion by failing to properly assess the factors identified in *Escriba*, 743 F.3d at 1247-48, which bear directly on whether costs should be awarded. Under *Escriba*, courts may decline to award costs based on: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. *Id*. All five factors weigh against the costs award here. ER-065—067.

## B. The *Escriba* Factors

### 1. Substantial Public Importance

Costs issue aside, this case is unique in its importance. It is one of the only, if not the only, ongoing lawsuit(s) among over 5,000 total lawsuits and arbitration proceedings involving Defendants Elon Musk and/or Tesla that could potentially answer the question of exactly how Musk and Tesla defrauded inventors and lied to federal regulators to secure Musk's superlative and politically-important wealth.

That wealth is material, having already altered a presidential election according to Musk, and still growing. On November 6, 2025, Defendant Musk secured shareholder approval for a widely-reported trillion-with-a-T-dollar executive compensation package.

Despite questionable reporting suggesting that Defendant Musk has stepped away from politics, the Court may take judicial notice of the widely reported news that he continues to be involved in political matters around the globe, leveraging his wealth to influence the United States government[3] and the governments of the United Kingdom,[4] Germany,[5] and Italy, among others. Therefore, any lawsuit calling into question the source of Defendant Musk's wealth and, by extension, his political power, is of considerable public importance.

The specific legal question presented here—whether a plaintiff may be assessed removal costs when the removing defendant lacked original jurisdiction—

---

[3] Defendant Musk is at this point well known for using his wealth to fund and coordinate unconstitutional efforts and "sham" strategies designed to deceive the public and courts especially. "It was a sham in order to try to avoid statutory requirements..." *American Federation Of Government Employees, AFL-CIO et al v. United States Office of Personnel Management et al*, Case No. 3:25-cv-01780-WHA, ECF No. 120 (N.D. Cal. March 13, 2025). *See also Does 1-26 v. Musk, et al*, Case No. 8:25-cv-00462-TDC at 68 (D. Maryland March 18, 2025) (ruling Musk-backed effort to shut down USAID likely unconstitutional).
[4] Musk has financially backed British far-right figure Tommy Robinson.
[5] Musk, who performed Hitler-style Nazi salutes behind the podium of the President of the United States, has financially backed Alternative für Deutschland, a neo-Nazi political party in Germany. His actions, and the underlying explanation(s) for his wealth, are therefore "important" to individuals worldwide.

23

also has significance well beyond this case. Removal jurisdiction is frequently contested in federal courts, and cost-shifting is a significant deterrent to litigation. A rule permitting defendants to assess removal filing fees against plaintiffs whenever they successfully obtain dismissal of post-removal federal claims would create a powerful incentive for defendants to attempt improper removals, knowing that any subsequent amendment by plaintiffs could transform the defendants' own procedural misstep into a cost-shifting opportunity. This Court's resolution of the question serves the interests of future litigants across the circuit.

### 2. Closeness and Difficulty of the Issues in the Case

The district court did not rule that Plaintiff had failed to substantively state a federal Racketeer Influenced and Corrupt Organizations (RICO) Act claim, only that RICO was unavailable in the context of securities-related claims due to amendments to the RICO statute that were part of the Private Securities Litigation Reform Act (PSLRA). Plaintiff argued in the lower court at ECF No. 95, just before Election Day, that Musk only evaded a conviction for securities fraud *because* he sought to alter, and then did alter, the outcome of the 2024 presidential election. ER-161. Therefore, the issues were close; but for Musk's election interference, there likely would have been federal jurisdiction. Costs should not be taxed against Plaintiff for such an unusual and literally unprecedented situation.

24

### 3. Chilling Effect on Future Similar Actions

Assessing removal costs against a plaintiff who successfully obtains remand—but only after amending the complaint to add federal claims during the pendency of the removed action—sends a troubling message to future litigants, and especially future litigants facing Elon Musk's so-called "hardcore litigation department" or counsel for other wealthy defendants: plaintiffs who litigate vigorously after an improper removal risk being penalized for exercising their rights to amend. This chilling effect on civil plaintiffs, particularly *pro se* litigants with limited resources, is precisely the concern Congress addressed in § 1447(c) and that *Escriba* recognized as a valid basis for denying costs.

### 4. Plaintiff's Limited Financial Resources

Plaintiff has litigated this action *pro se* throughout. He does not have the financial resources of a represented party and has lost substantial wealth due to Defendants' myriad violations of law. The $405.00 award at issue here, while modest in absolute terms, represents a real burden and—combined with the prospect of cost-shifting in future proceedings—operates as a meaningful deterrent to the exercise of legal rights. As *Escriba* recognized, "even modest costs can discourage potential plaintiffs." 743 F.3d at 1249.

25

### 5. Economic Disparity Between The Parties

The economic disparity between the parties is stark. Plaintiff is an individual litigating *pro se*. Defendant Tesla, Inc. is a publicly traded corporation with a market capitalization in excess of one trillion dollars. Assessing a $405.00 removal fee against an individual plaintiff in favor of a trillion-dollar corporation that improperly initiated the removal—and which spent, at minimum, tens of thousands of dollars on legal fees to harass Plaintiff over this particular $405.00 in keeping with its CEO's goal of using "hardcore" litigation tactics—serves no legitimate purpose and is precisely the kind of disproportionate result the *Escriba* factors are designed to prevent.

### CONCLUSION

For the foregoing reasons, this Court should reverse the district court's award of $405.00 in removal costs against Plaintiff and remand with instructions to deny Tesla's Bill of Costs. Costs on appeal should be awarded to Plaintiff.

Dated: April 20, 2026        Respectfully submitted,

Aaron Greenspan
440 N. Barranca Avenue #6720
Covina, CA 91723
Telephone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

27

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Plaintiff-Appellant is aware of the following related case pending in this Court: *Greenspan v. Qazi et al*, No. 22-16110 (9th Cir. 2023), a prior appeal in the same underlying litigation. Plaintiff is not aware of any other related federal cases pending before this or any other Court.

Dated: April 20, 2026     Respectfully submitted,

Aaron Greenspan
440 N. Barranca Avenue #6720
Covina, CA 91723
Telephone: +1 415 670 9350 x101
E-Mail: aaron.greenspan@plainsite.org

28

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,833 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

2.      This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface, 14-point Times, using Microsoft Word for Mac 16.78.

3.      I further certify that the electronic copy of this brief filed with the Court is or will be identical in all respects except the signature to the hard copy filed with the Court (if requested), and that the electronic version is free of viruses or malicious software.


Dated: April 20, 2026

_Aaron Greenspan_
Aaron Greenspan